IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12CV000128-RLV
5:00CR00046-RLV-2

BRYON KEITH LATTIMORE, )
)
Petitioner, )
)
v. )
) **ORDER**
UNITED STATES OF AMERICA, )
)
Respondent. )
_____ )

**THIS MATTER** is before the Court on the Petitioner's amended motion for

reconsideration, filed by and through counsel, of the Court's order denying and dismissing

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. §

2255.[1]

## I.   BACKGROUND

On January 16, 2013, the Court entered an Order denying and dismissing Petitioner's pro

se Section 2255 motion after concluding that Petitioner's life sentence was within the maximum

as authorized by 21 U.S.C. § 846, and finding that based on recent Fourth Circuit law, Petitioner

was not entitled retroactive relief in a collateral proceeding. See (5:12CV000128, Doc. No. 4:

Order).[2]

On February 26, 2013, Petitioner, by and through counsel, filed a motion to reconsider,

---

[1] Petitioner has also filed a motion for extension of time to file a notice of appeal from the Court's January 16, 2012, Order denying and dismissing the Section 2255 motion. This motion will be granted for good cause shown. (Doc. No. 9). See Fed. R. App. P. 4(a)(5).

[2] The findings and conclusions set forth in the Court's January 16, 2013 Order are fully incorporated herein.

1

followed by an amended motion to reconsider the Court's January 16th ruling. (Doc. Nos. 7 & 8). In the amended motion, counsel provides further argument in support of Petitioner's pro se motion for relief under Section 2255, and pleads alternative claims for relief in the form of a motion under 28 U.S.C. § 2241, and through petitions for a writ of coram nobis and audita querela. (Doc. No. 8-1).

The Court will grant Petitioner's motion to reconsider its January 16th ruling on the ground that this district appointed the Federal Defenders of Western North Carolina, Inc., to represent defendants who may potentially have claims for relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and counsel had not submitted additional authority or argument in support of Petitioner's pro se Section 2255 motion prior to the Court's January 16th Order. See (3:12-mc-92, filed May 22, 2012). The Court would note, however, that Petitioner's counsel filed a notice of intent to conduct Simmons review on November 6, 2012, (Doc. No. 3), yet some 71 days elapsed between November 6th, and the day the Court entered its order of dismissal and counsel had filed no further memorandum or argument. The Court is mindful of counsel's caseload in reviewing these cases, and will find that in the interests of justice Petitioner's supplemental memorandum should be considered. See Fed. R. Civ. P. 60(b)(6).

## II.    LEGAL DISCUSSION

### A.    Section 2255 Proceeding

In the Order denying and dismissing Petitioner's pro se Section 2255 petition, the Court found that recent case law from the Fourth Circuit precluded the relief Petitioner was seeking through the Section 2255 proceeding. In United States v. Powell, 691 F.3d 554, 56-61 (4th Cir. 2012), the Fourth Circuit found that "[b]ecause the Supreme Court's decision in Carachuri at

2

most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review."). The Court has noted Petitioner's supplemental argument in support of relief under Section 2255 and finds that it does not alter the findings and conclusions of the Court's January 16th Order. (Doc. No. 4). The Court will therefore again deny relief under Section 2255.

### B.    28 U.S.C. § 2241

In the supplemental memorandum, Petitioner has filed for relief under 28 U.S.C. § 2241. (Doc. No. 8-1). A petitioner seeking to attack her conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "inadequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

Jones, 226 F.3d at 334-34.

In the present case, Petitioner does not fairly challenge the legality of his conviction, rather he challenges the sentence which he contends was based on prior drug convictions that he maintains are no longer properly considered in determining a sentence. As Petitioner is only challenging

3

the sentence imposed by the Court he has therefore failed to demonstrate that pursuit of relief through the provisions of Section 2255 is inadequate.

For these reasons, Petitioner's Section 2241 motion will be denied.

## C.    Coram Nobis Relief

Petitioner has also pled an alternative claim for relief asking this Court to grant a petition for a writ of *coram nobis*. Relief pursuant to a writ of *coram nobis* should be limited to petitioners that are no longer in custody on their conviction. See Carlisle v. United States, 517 U.S. 416, 428-29 (1996); see also United States v. Orocio, 645 F.3d 630, 634 n.4 (3rd Cir. 2011) ("The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer in custody for purposes of 28 U.S.C. § 2255.'"). According to the record, Petitioner is still in custody, and the Court finds that Petitioner does not fairly contest the conviction rather he only contests the sentence. The petition will be denied.

## D.    Petition for a Writ of Audita Querela

Finally, the Court finds that the writ of *audita querela* is unavailable to a petitioner that may otherwise challenge a conviction or sentence by way of a Section 2255 motion. "A writ of *audita querela* is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 2012 WL 5417618, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002)), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255)). Petitioner was able to challenge his sentence through a motion under Section 2255. Petitioner's lack of success

4

before this Court does not, however, render the Section 2255 motion unavailable. This petition will be denied.

## III.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.      Petitioner's Amended Motion for Reconsideration is **GRANTED**. (Doc. No. 8).

2.      Petitioner's Motion for Reconsideration is **DENIED** as moot. (Doc. No. 7).

3.      Petitioner's Section 2255 motion is **DENIED** and **DISMISSED**.

4.      Petitioner's Section 2241 motion is **DENIED**.

5.      Petitioner's motions for a writ of audita querela and coram nobis are **DENIED**.

6.      Petitioner's Motion for Extension of Time to file a Notice of Appeal is

**GRANTED**. (Doc. No. 9). Petitioner shall have up to and including April 16, 2013, in order to file a notice of appeal from the Court's January 16, 2013 Order and the Clerk's Judgment. (Doc. Nos. 4 & 5).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

5

**IT IS SO ORDERED.**

Signed: March 8, 2013

Richard L. Voorhees
United States District Judge

6